Argued September 12, affirmed September 20, petition for
rehearing denied October 23, 1973

## GAS-ICE CORPORATION, *Appellant, v.*
## NEWBERN, *Respondent.*
### 514 P2d 59

*Kenneth M. Novack,* Portland, argued the cause for
appellant. With him on the brief were Hall & Novack
and Bruce M. Hall, Portland.

---

* Holman, J., did not participate in this decision.

*Nels Peterson,* Portland, argued the cause for respondent. With him on the brief were Jack H. Cairns and Peterson, Chaivoe & Peterson, Portland.

TONGUE, J.

This is the second appeal to this court in this case. Upon the first appeal we modified a decree by the trial court in favor of defendant by holding that two insurance policies upon the life of defendant R. B. Newbern, but purchased with funds belonging to plaintiff corporation, were assets belonging to the corporation and that defendant Newbern, who had taken possession of the policies on March 6, 1968, must "pay to plaintiff the cash value of the two insurance policies as of the date of the appropriation of such policies by him" unless he should elect to return the policies to the corporation. (See *Gas-Ice v. Newbern,* 263 Or 227, 501 P2d 1288 (1972).)

Upon remand of the case to the trial court defendant elected to retain the two insurance policies. A further hearing was then held on January 9, 1973, "to determine the value of the two life insurance policies." That purpose was announced by the trial judge at the beginning of the hearing. Defendant then offered in evidence an affidavit by an officer of the insurance company stating that the net cash surrender value of the two policies as of March 6, 1968 was the sum of $9,010.84.

Plaintiff objected to that affidavit on various grounds. When asked by the trial court, however, to state "the legal basis for your objections," plaintiff's counsel said that:

"It is irrelevant because it does not determine,

does not come to grips, with the determination of what the asset value or the cash value of the asset is in accordance with the Supreme Court's determination and that it would constitute an impeachment, in effect, of matters already adjudicated by the Supreme Court in this matter."

That objection was overruled. No error has been assigned on this appeal to that ruling.[1] Plaintiff appeals, however, from the supplemental decree entered by the trial court at the conclusion of that hearing, in which it found the net cash surrender value of the two policies to be the sum of $9,010.84 as of March 6, 1968.

It appears that on December 13, 1972, prior to the hearing on January 9, 1973, plaintiff's attorney had delivered a letter to the trial court, with a copy to counsel, to the effect that as of March 6, 1968, certain loans had been made by the insurance company on these policies and that although the amount of those loans had been paid by plaintiff corporation to Mr. Newbern, he had not yet repaid the insurance company for those loans as of March 6, 1968, although he had done so at some later date. Accordingly, plaintiff contended in that letter that the amount to be paid by Mr. Newbern for the two policies was their gross cash surrender value as of that date, without deducting the amount of those unpaid loans. It also appears that at the hearing to determine the cash value of the policies the trial court apparently disagreed with that position by plaintiff.

In any event, plaintiff did not offer that letter in evidence at that hearing, subject to possible objection by defendant. Neither did plaintiff offer any

_____

[1] Plaintiff's attorney had previously informed the court that "this matter can be determined upon affidavits or stipulated facts."

affidavits or other evidence at that hearing from which the facts relating to any outstanding loans as of March 6, 1968, could be determined.

On the other hand, defendant's attorney declined to stipulate to the accuracy of the facts and figures set forth in the letter of plaintiff's attorney, who stated in an affidavit dated January 4, 1973, also prior to the hearing on January 9, 1973, that he had been informed that defendant's attorney would not enter into such a stipulation.

There was some discussion at the hearing of possible evidence in the record of the original trial of that case relating to loans made upon these policies. It is now conceded by plaintiff, however, that the evidence in that record is not sufficient on this point.

At the hearing on January 9, 1973, the trial judge stated that "the value of the properties [policies] as of March 6, 1968, is reflected in that letter [referring to the affidavit of an officer of the life insurance company] because that's the only evidence I have before me." Before the hearing was closed the trial judge expressly inquired whether either party had anything further to offer and plaintiff's attorney said that he did not.

On this state of the record we affirm the supplemental decree by the trial judge, by which the trial judge accepted the affidavit of the officer of the insurance company as a correct statement of the cash value of the two insurance policies as of March 6, 1968. It may be, as contended by plaintiff, that there were outstanding and unpaid loans on these policies as of that date and under circumstances such that plaintiff was entitled to have the amount of any such loans included in determining the amount to be paid by Mr. Newbern as a condition of retaining these policies.

The difficulty, however, is that although plaintiff was afforded an opportunity at the hearing on January 9, 1973, to establish such facts by proper evidence, plaintiff failed to do so. Even if the trial judge would then have refused to consider such evidence, it was necessary for plaintiff to do so in order to make a proper record for the purposes of this appeal. While the result of plaintiff's failure to offer such evidence may be unfortunate, it is no more unfair than the result in any case in which a party may have a meritorious position, but for some reason fails to offer evidence to prove that position, despite being afforded an opportunity to do so.

It is also contended by plaintiff that the opinion of this court in its original decision was not clear. However, no petition for rehearing was filed by plaintiff within the time required by the rules of this court and a subsequent petition for "clarification" of the opinion was not timely filed, even if otherwise proper.

Affirmed.